IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**STANFORD RAY COLEMAN,**

Petitioner,

v.                                                    **Civil Action No. 5:20-cv-262**
Judge Bailey

**MR. PAUL ADAMS,**

Respondent.

## REPORT AND RECOMMENDATION

### I.    BACKGROUND

On December 29, 2020, the *pro se* petitioner, Stanford Coleman, filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241, together with a Motion for Leave to Proceed *in forma pauperis*. On February 18, 2021, he filed his trust account ledger sheets, and on February 22, 2021, he was granted leave to proceed *in forma pauperis*. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of a proposed disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

### II.    PETITION

In support of his habeas petition, the petitioner raises one ground, namely a violation  of his Eight Amendment rights. As a factual basis for this ground, the petitioner states as follows:

> The Warden's failure of 'effective' way to minimize COVID-19 and his failure to particularly downsize. His failure to use the BOP's available statutory authority to reduce the population to mitigate the severe risk-imposed by COVID-19. His failure to take an 'effective' safety measures to include social distancing. There is 'no set of condition constitutionally sufficient. His failure to use specialized Negative and Positive air zone ventilation. His persistence to maintain the

1

population at or above 100% capacity and his persistence to keep two men to a cell. Lastly, his failure to test for COVID-19 and his failure to screen since July 20, 2020.

For relief, the petitioner requests that this Court issue an order to make the BOP use their home confinement authority and grant him "enlargement" to home confinement.[1]

### III.   LEGAL STANDARDS

**A.  Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a

---

[1] The petitioner failed to answer any questions on the petition regarding his conviction.   However, a review of PACER establishes that he was one of nine defendants named in a 16-count indictment in the United States District Court for the Northern District of Ohio on November 26, 1991.  He was named in Counts 1, 8, 10, 13, 14 and 15.  Following a guilty plea to Counts 1, 8, 10, 14 and 15, he was sentenced to a total of 252 months to be followed by five years of supervised release. Count 13 was dismissed on motion of the government. On August 4, 2008, an amended sentence of 232 months was entered pursuant to 18 U.S.C. § 3582(c)(2).  See  Criminal Docket for Case #: 3:91-cr-00784-JZ-6. The petitioner's supervised release was transferred to the Eastern District of Michigan.  Supervision commenced on September 23, 2008.  On March 13, 2012, an Order was entered terminating the remaining term of supervised release and discharging the petitioner. See Criminal Docket for Case #: 2:09-cr-20076-VAR-1 (ED MI). On August 3, 2017, the petitioner was named in a one-count superseding indictment in the Eastern District of Kentucky.  Following a four day jury trial, the petitioner was convicted, and on March 26, 2018, judgment was entered committing him to the custody of the BOP for a term of 340 months to be followed by eight years of supervised relief.  On appeal, his conviction was affirmed by the Sixth Circuit on November 17, 2020. See Criminal Docket for Case #: 5:16-cr-67 (ED KY).

district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.  Pro Se Litigants

As a pro se litigant, the petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### IV.   ANALYSIS

A section 2241 petition is used to attack the way the sentence is executed.  *See* 28 U.S.C. § 2241.  In a 2241 petition, a prisoner may seek relief from his parole, computation of his sentence or disciplinary actions taken against him involving the loss of good conduct time. "[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive civil remedy for prisoners seeking release from custody." *Glaus v. Anderson,* 408 F.3d 382, 286 (7th Cir. 2005). Also, worth noting is that at the "heart of habeas corpus" petitions, the petitioner is challenging "the fact or duration of his physical confinement," or "seeking immediate release or speedier release from active confinement." *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973). On the other hand, a *Bivens* action is used to hold federal officers "individually liable for constitutional violations." *Starr v. Baca*, 625 F.3d 1202 (9th Cir. 2011). Even more

generally, a *Bivens* action allows individuals to sue a federal actor because he or she violated a right guaranteed by the Constitution or a federal law. *See Bivens*, 403 U.S. at 392-94. Further, "[a]lthough 'more limited in some respects,' a *Bivens* action is a federal analog to an action against state or local officials under § 1983." Id. (quoting *Hartman v. Moore*, 547 U.S. 25, 254 n.2 (2006). *See Preiser*, 411 U.S. at 499 ("a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody.").

Here, the petitioner complains about the conditions of his confinement. Specifically, he is alleging that the warden's actions or inactions and those of the BOP are inadequate to protect inmates and the community from the spread of COVID-19. He lists numerous examples of what he alleges are the failings of the warden and the BOP.  He has attached various declarations from numerous doctors addressing the risk of COVID-19 in the inmate populations.  He has also attached his own medical records which establish that he is a Type II diabetic, who suffers from hyperlipidemia and peripheral vascular disease.

The petitioner's Eighth Amendment claims are not an attack on, nor are they related in any way to, the execution of his sentence. The petition does not contest the fact or duration of his confinement, and success on the merits would not result in immediate or speedier release from his actual confinement with the BOP. Thus,  the petitioner's Eighth Amendment claims should have been raised pursuant to a civil rights complaint. Preiser at 499-500 (a civil rights action is the proper remedy for a prisoner challenging the conditions of his prison life).  *See also Lee v. Winston*, 717 F.2d 888 (4th Cir. 1983).

4

In addition, the undersigned notes that Courts are receiving release requests under two distinct statutory "mechanisms" during the current pandemic– the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act")  and what is often referred to as the "compassionate release" framework set forth in 18 U.S.C. § 3582(c)(1)(A). However, as discussed more fully below, this Court cannot grant the petitioner relief under either theory.

**A. CARES Act**

First, Section 12003 of the CARES Act presently and temporarily provides for expanded  prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). Cares  Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons. Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.

**B. 18 U.S.C. § 3582(c)(1)(A)(ii)**

Alternatively, 18 U.S.C. § 3582(c)(1)(A)(I) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons."  However,  it is clear that the petitioner is unable to proceed under this mechanism in a § 2241 in this district, because  courts in this Circuit and elsewhere have consistently found that such a request must instead be brought in the sentencing court.  *See, e.g.*, ***Robinson v. Wilson***, 2017 WL 5586981, at *5 (S.D. W.Va. Sept. 26, 2017) (Eifert, M.J.) ("Like a § 2255 motion, a § 3582 motion must be filed in the movant's underlying criminal action and be addressed by the sentencing court."), *report and recommendation adopted*, 2017 WL 5586272 (S.D. W.Va. Nov. 20, 2017) (Faber, J.); ***Deffenbaugh v. Sullivan***, 2019 WL 1779573, at *2 (E.D.N.C. Apr. 23, 2019)

(Flanagan, J.) ("If petitioner now seeks to file his own motion for § 3582 compassionate release, such a motion must be filed in the sentencing court."); ***Allah v. Fed. Bureau of Prisons Dir.***, 2016 WL 5868093, at *4 (D.S.C. Sept. 12, 2016) (Marchant, M.J.) (same) (collecting cases), *report and recommendation adopted*, 2016 WL 5851936 (D.S.C. Oct. 6, 2016) (Hendricks, J.); ***Himmel v. Upton***, 2019 WL 1112923, at *2 n.6 (N.D. Tex. Mar. 11, 2019) ("[A]ny motion for compassionate release under the newly amended provision of 18 U.S.C. § 3582(c)(1)(A) should be filed in the sentencing court."); ***Braswell v. Gallegos***, 82 F. App'x 633, 635 (10th Cir. 2003) ("Because a motion filed under § 3582 requests modification of a sentence, it follows that such a motion must be filed in the district court which imposed the sentence.").

## V.   RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that this § 2241 petition [ECF No.1] be **DENIED and DISMISSED** without prejudice to the petitioner's right to file his claims in a civil rights action or seek relief from the BOP through the CARES Act or his sentencing court through 18 U.S.C. § 3582(c)(1)(A)(I).

The petitioner shall have fourteen days from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**   A copy of such objections should also be submitted to the United States District  Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation, **together with a <u>Bivens</u> packet** to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  February 23, 2021

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

7