**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**STANFORD RAY COLEMAN,**

Petitioner,

v.   **CIVIL ACTION No. 5:20-CV-262**
Judge Bailey

**MR. PAUL ADAMS,**

Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 11]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on February 23, 2021, wherein he recommends that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND

Petitioner was one of nine defendants named in a 16-count indictment in the United States District Court for the Northern District of Ohio on November 26, 1991.[1] Petitioner was named in Counts 1, 8, 10, 13, 14, and 15. Following a guilty plea to Counts 1, 8, 10, 14, and 15, he was sentenced to a total of 252 months to be followed by five years of

---

[1] Petitioner failed to answer any questions on the petition regarding his conviction. This information comes from a review of PACER. *See* Criminal Docket for Case # 3:91-CR-00784-JZ-6.

1

supervised release. On August 4, 2008, an amended sentence of 232 months was entered pursuant to 18 U.S.C. § 3582(c)(2).

On August 3, 2017, petitioner was named in a one-count superseding indictment in the Eastern District of Kentucky.[2] Following a jury trial, petitioner was convicted. He was then sentenced to a term of 340 months imprisonment to be followed by eight years of supervised release. On appeal, his conviction was affirmed by the Sixth Circuit on November 17, 2020.

In his petition, he asserts one ground: a violation of the Eighth Amendment. In support of his argument, he states

> The Warden's failure of 'effective' way to minimize COVID-19 and his failure to particularly downsize. His failure to use the BOP's available statutory authority to reduce the population to mitigate the severe risk-imposed by COVID-19. His failure to take an 'effective' safety measures to include social distancing. There is 'no' set of condition constitutionally sufficient. His failure to use specialized Negative and Positive air zone ventilation. His persistence to maintain the population at or above 100% capacity and his persistence to keep two men to a cell. Lastly, his failure to test for COVID-19 and his failure to screen since July 20, 2020.

*See* [Doc. 1 at 5].

---

[2] This information is pulled from Criminal Docket for Case #5:16-CR-67 (E.D. Ky.) on PACER.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed objections [Doc. 14] on March 11, 2021. Accordingly, this Court will review the portions of the R&R to which objection was

3

filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## III. DISCUSSION

In the R&R, Magistrate Judge Mazzone found that petitioner's petition "does not contest the fact or duration of his confinement, and success on the merits would not result in immediate or speedier release from his actual confinement with the BOP." [Doc. 11 at 4]. The magistrate judge found that petitioner's Eighth Amendment claims should have been raised pursuant to a civil rights complaint, not a § 2241 petition.

Magistrate Judge Mazzone also looked at petitioner's claims under the CARES Act and 18 U.S.C. § 3582(c)(1)(A)(i). However, the magistrate judge found that the Court cannot grant him relief under either theory because petitioner must bring such a request in the sentencing court. Accordingly, the R&R recommends the petition be denied and dismissed without prejudice to the petitioner's right to file his claims in a civil rights action or seek relief from the BOP through the CARES Act or his sentencing court through 18 U.S.C. § 3582(c)(1)(A)(I). *See* [Id. at 6].

Petitioner filed his Objection to the Report & Recommendation [Doc. 14] on March 11, 2021. Therein, petitioner states that he is "challenging the manner in which the sentence is served," and not how the magistrate judge construed it as him "challenging the conditions of confinement." Petitioner also states that this Court has jurisdiction over this matter because he is "not seeing to challenge a specific aspect of his confinement, but the confinement itself." Moreover, he states this Court has jurisdiction because he is seeking relief from being in custody in violation of the Eighth Amendment to the United States

4

Constitution. In his conclusion, petitioner states that "he wishes to withdraw the petition without prejudice."

It appearing to this Court that petitioner has no objection to his petition being denied and dismissed, this Court overrules petitioner's objections and will deny and dismiss his petition without prejudice.

## IV. CONCLUSION

Having reviewed the R&R for clear error, it is the opinion of this Court that the Report and Recommendation [**Doc. 11**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Petitioner's objections [**Doc. 14**] are hereby **OVERRULED**. Accordingly, this Court further **ORDERS** that petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**Doc. 1**] be **DENIED AND DISMISSED WITHOUT PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: March 12, 2021.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**